UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DANIEL CLEON BURROUGHS                                            PETITIONER

VS.                          1:19-CV-00100-DPM/JTR

LUCAS EMBERTON,
VAN BUREN COUNTY SHERIFF[1]                                        RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

---

[1] Because Mr. Burroughs is incarcerated in the Van Buren County Detention Center, the correct Respondent is "Lucas Emberton, Sheriff, Van Buren County, Arkansas." *See* 28 U.S.C.§ 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); § 2254 Rule 2(a); Ark. Code Ann. § 12-41-502 (Westlaw 2016) (county sheriff "shall have the custody, rule, and charge of the jail within his or her county and all prisoners committed in his or her county").

The Clerk of the Court is directed to change the Respondent to Lucas Emberton, Sheriff, Van Buren County, Arkansas.

## I. Introduction

On October 8, 2019, Petitioner, Daniel Cleon Burroughs ("Mr. Burroughs"), filed a *pro se* Petition for Writ of Habeas Corpus ("Petition"). *Doc. 2*. Although Mr. Burroughs fails to state whether he is pursuing habeas relief under 28 U.S.C. § 2241 or § 2254, the Court will construe his Motion as seeking habeas relief under § 2241.[2]

Mr. Burroughs contends that he is being held unlawfully by state authorities because a traffic stop leading to his arrest was unconstitutional. Thus, Mr. Burroughs appears to be a pre-trial detainee being held in the Van Buren County Detention Center in Clinton, Arkansas, awaiting resolution of charges on *pending* state criminal charges. For relief, he requests immediate release from state custody.

For the reasons stated below, the Court recommends that all claims asserted in Mr. Burroughs' Petition be denied.

## II.   Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United

---

[2] Because Mr. Burroughs seeks relief *before* trial and judgment in state court, his remedy, if any, lies under § 2241(c)(3). *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)); *compare Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition).

States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.  Additionally, a court "may take judicial notice of proceedings in other courts of record."  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).

The Court takes judicial notice that, presently, Mr. Burroughs is detained in the Van Buren County Detention Center and awaiting trial on criminal charges in *State v. Burroughs*, Van Buren County Circuit Court Case No. 71CR-19-109 ("the pending state criminal case").[3]  According to the docket in the pending state criminal case, Mr. Burroughs is charged with:  (1)  felony possession of methamphetamine or cocaine with the purpose to deliver;  (2) felony possession of drug paraphernalia to ingest or inhale a controlled substance; (3) felony possession of drug paraphernalia to manufacture a controlled substance;  (4) misdemeanor possession of drug paraphernalia;  and (5) misdemeanor fleeing.  The trial court has set a bond for Mr. Burroughs in the amount of $75,000, and a pretrial hearing is currently scheduled for October 21, 2019.  As of the date of this Recommendation, there is no trial date.

---

[3] The Court has reviewed the state court docket, which is available on the Arkansas courts' website.  *See* https://caseinfo.aoc.arkansas.gov.  The Court has also verified Mr. Burroughs' presence on the inmate roster at the Van Buren County Detention Center.  *See* https://www.vbcso.com/roster.  Both websites are available to the public.

Under well-established federal case law, Mr. Burroughs' habeas Petition raises claims that are not cognizable under § 2241 and must be dismissed. First, habeas review focuses on whether the Constitution, laws, or treaties of the United States have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts are not permitted "to reexamine state-court determinations on state-law questions." *Id*. Thus, any allegations that state authorities failed to comply with state laws, in connection with the allegedly unconstitutional traffic stop and subsequent arrest, are not cognizable in a federal habeas action.

Second, before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to fully exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). This exhaustion requirement applies not only to habeas petitions challenging state-court convictions following a trial or guilty plea, but also to habeas petitions challenging a *pending* or *future* state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986) (requiring exhaustion concerning a § 2241 petition). Because Mr. Burroughs has not yet proceeded to trial on the pending state criminal charges, he clearly has *not* exhausted his state court

remedies.  In order to do so, he must:  (1)  present to the state trial court any legal challenge to the traffic stop based on a violation of federal constitutional law;  and (2)  then appeal the trial court's denial of his federal constitutional claim(s) to the highest available state appellate court.  At this time, Mr. Burroughs appears to have done neither.  Thus, he has *not* exhausted his state court remedies.

Third, federal courts generally must abstain from the exercise of § 2241 jurisdiction if the issues raised in a habeas petition may be resolved either by trial on the merits in the state court proceeding or by other available state court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d at 636 (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). While narrow exceptions to this rule exist, nothing about Mr. Burroughs' allegations raise any of the "extraordinary circumstances" that might trigger an exception to the general rule.

Accordingly, Mr. Burroughs' Petition for Writ of Habeas Corpus should be dismissed, without prejudice.

## III. Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, THAT Petitioner Daniel Cleon Burroughs' Petition for Writ of Habeas Corpus, *Doc. No. 2*, be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED THAT Petitioner Burroughs' Application to Proceed Without Prepayment of Fees, *Doc. 1*, be denied as moot.

Dated this 15th day of October, 2019.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE